IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REAL VALUE PRODUCTS CORP. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 19-1161 |
| | § | |
| GULF COAST PHARMACEUTICALS | § | |
| PLUS, LLC AND KENNETH B. RITCHEY | § | |
| | § | |
| Defendants. | § | |

ORIGINAL COMPLAINT

REAL VALUE PRODUCTS CORP. ("REAL VALUE" or "PLAINTIFF" hereafter), brings this action against GULF COAST PHARMACEUTICALS PLUS, LLC (sometimes "GULF COAST" hereafter) and KENNETH B. RITCHEY (sometimes "RITCHEY" hereafter), Defendants for declaratory judgment of non-infringement of U.S. Patent rights (sometimes hereafter referenced jointly as "DEFENDANTS").

# I.
# PARTIES

1. REAL VALUE is a Texas corporation having a principal place of business at 5100 Commerce Way, San Antonio, TX 78218.

2. GULF COAST is, on information and belief, a Mississippi Limited Liability Company, with a principle place of business at 995 North Halstead Rd; Ocean Springs, MS 39564 and who may be served by the registered agent, Business Filings International, Inc., at 645 Lakeland East Drive, #101, Flowood, MS 39564.

3. KENNETH B. RITCHEY is, on information and belief, an individual United States Citizen and resident of Ocean City, Mississippi.

## II.
## JURISDICTION AND VENUE

4. This is an action for declaratory judgment, pursuant to 28 U.S.C. § 2201.

5. This Court has Jurisdiction over the Claims made herein, at least pursuant to 28 U.S.C. §1332.

6. This Court has personal jurisdiction over GULF COAST and RITCHEY, at least in part because DEFENDANTS have asserted claims and rights against REAL VALUE in this District and Division, as set forth in more detail hereafter. Venue lies properly within this District pursuant to 28 U.S.C. § 1391, et seq.

## III.
## FACTS

7. REAL VALUE is involved in the distribution of pharmaceutical and medical device products.

8. REAL VALUE procures products for distribution at least in part from third party manufacturers or suppliers.

9. On 25 September 2019, RITCHEY telephoned Mr. Fred Battah of REAL VALUE and conducted a conversation with Mr. Battah ("Threat Call", hereafter).

10. During the Threat Call, RITCHEY referred to "Blaine", on information and belief, in reference to Blaine Laboratories, Inc. of California.

11. During the Threat Call, RITCHEY referred to "you" (addressing Mr. Battah), on information and belief, referring to Real Value, plaintiff herein.

12. During the Threat Call, RITCHEY represented to Mr. Fred Battah that "his company" (on information and belief, referencing Gulf Coast Pharmaceuticals Plus, LLC.) had an exclusive distribution contract with "Blaine".

13. During the Threat Call, RITCHEY, on information and belief, at least in part on behalf of GULF COAST, communicated to Mr. Battah an intent to sue REAL VALUE for buying pharmaceutical products from "Blaine".

14. On information and belief, Gulf Coast Pharmaceuticals, Inc. was a predecessor entity of GULF COAST, which was, by public reports, disbanded after federal actions relating to alleged violations of state or federal pharmaceutical laws.

15. Communications, on information and belief, from, or made on behalf of GULF COAST refer to "Gulf Coast Pharmaceuticals, Inc.".

16. RITCHEY has not affirmatively communicated to REAL VALUE his capacity in the context of his communications during the THREAT CALL - that he has acted or communicated solely on behalf of REAL VALUE, as opposed to acting individually in the context of the THREAT CALL.

17. On information and belief, neither RITCHEY nor GULF COAST has any currently, in-force exclusive distribution agreement with Blaine Laboratories, Inc. of California.

18. On information and belief, neither RITCHEY nor GULF COAST has any currently, in-force agreements of any kind with Blaine Laboratories, Inc. of California.

19. REAL VALUE has existing business arrangements for purchasing pharmaceutical and medical device products from Blaine Laboratories, Inc. of California.

20. DEFENDANTS' efforts and stated intent to disrupt business arrangements between REAL VALUE and Blaine Laboratories, Inc. of California threatens REAL VALUE's legitimate business interests and activities.

21. DEFENDANTS' threats to sue (with the possibility of seeking injunctive as well as monetary relief) places a cloud over REAL VALUE's legitimate business activities.

22. Any legal action by DEFENDANTS against REAL VALUE would, if made publicly known, reasonably be expected to disrupt, or at least negatively impact other business relations of REAL VALUE, not only with Blaine Laboratories, Inc., but other businesses as well.

23. Were REAL VALUE to be found to be in violation of the alleged agreement(s) with Blaine Laboratories, Inc., REAL VALUE could reasonably be expected to have exposed some of its business associates, including customers, to legal liability and, in turn, REAL VALUE to claims for indemnity and potential damages.

24. The business transactions with which DEFENDANTS seek to interfere have a value in excess of $75,000.00.

25. There exists complete diversity of citizenship amongst the parties to this action.

### IV.
### COUNTS

A. **COUNT I -- DECLARATORY JUDGMENT OF LACK OF TORTIOUS INTERFERENCE**

26. REAL VALUE repeats and re-alleges paragraphs 1-25, above, as though fully set forth herein.

27. REAL VALUE is entitled to, and hereby requests a declaratory judgment that there exist no contractual relations between DEFENDANTS, or either of them, with Blaine Laboratories, Inc. of California with which REAL VALUE has interfered, or otherwise cognizably impacted, or in any way has created claims or causes of action on GULF COAST'S behalf as against REAL VALUE.

28. REAL VALUE is entitled to, and hereby requests a declaratory judgment that there exist no contractual relations between DEFENDANTS, or either of them, with Blaine

Laboratories, Inc. of California with which REAL VALUE has interfered, or otherwise cognizably impacted, or in any way has given rise to claims or causes of action on RITCHEY'S behalf as against REAL VALUE

29. REAL VALUE is entitled to, and hereby requests a declaratory judgment that REAL VALUE has not acted in any manner by which it has tortuously interfered with any contractual relations between DEFENDANTS, or either of them, and Blaine Laboratories, Inc. of

30. REAL VALUE is entitled to, and hereby requests a declaratory judgment that REAL VALUE has not acted in any manner by which it has tortuously interfered with any contractual relations between DEFENDANTS, or either of them, and Blaine Laboratories, Inc. of California.

31. REAL VALUE is entitled to, and hereby requests a declaratory judgment that REAL VALUE will not, by actions heretofore taken, and if continued in the future, will tortuously interfere with any present contractual relations, if any, between DEFENDANTS, or either of them, and Blaine Laboratories, Inc. of California.

      **B.**    **COUNT II -- DECLARATORY JUDGMENT OF NO DAMAGES**

32. REAL VALUE repeats and re-alleges paragraphs 1-31, above, as though fully set forth herein.

33. REAL VALUE is entitled to, and hereby requests a declaratory judgment that GULF COAST has suffered no injury, nor is entitled to any damages or non-monetary remedy in relation to any prior act or omission of REAL VALUE.

34. REAL VALUE is entitled to, and hereby requests a declaratory judgment that RITCHEY has suffered no injury, nor is entitled to any damages or non-monetary remedy in relation to any prior act or omission of REAL VALUE.

## JURY TRIAL DEMAND

35.     Plaintiff hereby demands a trial by jury of all issues so triable.

## V.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, REAL VALUE, prays that the court enter judgement against GULF COAST and RITCHEY, jointly and severally, as follows:

A.      Declaring that no act by or on behalf of REAL VALUE has tortiously interfered with any present or prospective contractual relationship between GULF COST and Blaine Laboratories, Inc. of California.

B.      Declaring that no act by or on behalf of REAL VALUE has tortiously interfered with any present or prospective contractual relationship between RITCHEY and Blaine Laboratories, Inc. of California.

B.      Declaring that no activity now or heretofore carried out by, or on behalf of REAL VALUE infringes, either directly or indirectly, either literally or under any application of the doctrine of equivalents, any valid claim (if any) of any '169 Patent.

C.      Declaring that no past or present activity of REAL VALUE, if repeated in the future, will give rise to claims relating to present contractual relations between GULF COAST and Blaine Laboratories, Inc. of California.

D.      Declaring that no past or present activity of REAL VALUE, if repeated in the future, will give rise to claims relating to present contractual relations between RITCHEY and Blaine Laboratories, Inc. of California.

E.      Declaring REAL VALUE is not liable for any monetary damages to GULF COST for any prior act or omission by or on behalf of REAL VALUE.

F.    Declaring REAL VALUE is not liable for any monetary damages to RITCHEY for any prior act or omission by or on behalf of REAL VALUE.

G.    Declaring GULF COST is not entitled to any equitable relief in relation to any prior act or omission by or on behalf of REAL VALUE.

H.    Declaring RITCHEY is not entitled to any equitable relief in relation to any prior act or omission by or on behalf of REAL VALUE.

I.    For such other and further relief to which REAL VALUE shows itself to be justly entitled, based on future-proffered evidence and applicable law and equities.

Respectfully Submitted

By:   /s/ David G. Henry, Sr.
David G. Henry, Sr.
State Bar No. 09479355
dhenry@grayreed.com
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000
(713) 986-7100 (Facsimile)
GRAY REED & MCGRAW, P.C.

**ATTORNEY FOR PLAINTIFF,
REAL VALUE PRODUCTS CORP.**